# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

BRUCE WADE PENNINGTON,                                                              PETITIONER
ADC # 144231

v.                                      1:13CV00066-JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 of Bruce Pennington, an inmate at the North Central Unit of the Arkansas Department of Correction (ADC).

### I.   BACKGROUND

On March 23, 2009, in Poinsett County Circuit Court, Mr. Pennington, represented by attorney Paul Ford, pleaded guilty to the first-degree murder of Dorman Ray Cooper and was sentenced to 420 months' imprisonment. (Doc. No. 4-2.)

On June 18, 2009, Mr. Pennington filed a *pro se* petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging ineffective assistance of counsel. (Doc. 4-4.) In his Rule 37 petition, Mr. Pennington asserted three claims that counsel was ineffective:

(1) Counsel failed to investigate or develop a trial strategy, in that counsel failed to investigate a defense or mitigating evidence based upon testimony by an expert concerning his psychiatric state when he admittedly killed Mr. Cooper;

(2) Counsel failed to advise him of a viable defense strategy and failed to inform him of possible affirmative defenses; and

(3) Counsel improperly advised him that, if he pleaded guilty to murder in the first degree, then he would be eligible for parole after serving 25% of his agreed-upon sentence. (Doc. No.1 at 12 -17.)

The Poinsett County Circuit Court denied the petition without an evidentiary hearing and Mr. Pennington appealed. (Doc. No. 4.) On February 7, 2013, the Arkansas Supreme Court affirmed the trial court's decision denying Mr. Pennington's Rule 37 Petition. (Doc. No. 4-8.)

Mr. Pennington filed the instant habeas corpus Petition on August 5, 2013 (Doc. No. 1), and alleges he is entitled to relief from his first-degree murder conviction, because his attorney rendered ineffective assistance with regard to the entry of his guilty plea, on the same three grounds asserted in his Rule 37 Petition. However, in Mr. Pennington's federal habeas Petition, he also alleges, "but for such advice, he would not have pleaded guilty and would have instead elected to proceed to trial." (Doc. No. 1 at 2-3.) Mr. Pennington never alleged in state court that he would have proceeded to trial, but for Mr. Ford's advice.

## II.     DISCUSSION

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Neither is the case here.

For a habeas petitioner to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate a lack of reasonable performance of counsel and prejudice resulting from the unreasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005). Counsel's "strategic choices made after a thorough investigation are virtually unchallengeable" in a later habeas corpus action. *Strickland,* 466 U.S. at 689. To satisfy the

prejudice prong, the petitioner "must show that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong v. Kemna*, 590 F.3d 582, (8th Cir. 2010) (citations omitted). A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

The Arkansas Supreme Court correctly applied the two-prong *Strickland* test for ineffectiveness of counsel. The court, citing *Strickland*, found that "a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial." *Pennington v. State*, 2013 Ark. 39 (2013). In applying the *Strickland* standard, the Court held that a "claimant must satisfy both prongs of the test, and it is not necessary to determine whether counsel was deficient if the petitioner fails to demonstrate prejudice as to an alleged error." (*Id.*) The Arkansas Supreme Court found that Mr. Pennington's "petition failed to allege any facts to support a demonstration of prejudice concerning his claims." (*Id.*)

"For a defendant who entered a guilty plea to prevail on a claim of ineffective assistance of counsel, he must establish prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have entered the plea and would have insisted on going to trial." (*Id.*) *See also Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1 (2012); *Hill v. Lockhart,* 474 U.S. 52 (1985). Mr. Pennington first alleges this in his federal habeas Petition, and no where does he present any evidence to prove such probability. This Court may not review a federal habeas claim unless it has first been "'fairly presented' to the state court for a determination on the merits." *Hall v. Delo*, 41 F.3d 1248, 1249-50 (8th Cir. 1994) (quoting *Anderson v. Harless*, 459 U.S. 4,6 (1982)). In his state proceedings, Mr. Pennington alleged that his lawyer, Mr. Ford, rendered ineffective assistance but he never alleged, as he did in his federal habeas Petition, that he would have proceeded to trial, but

for Mr. Ford's alleged errors. (Doc. No. 4.) No where in his Petition does Mr. Pennington claim innocence, nor does he demonstrate cause and prejudice to overcome the procedural default.

Having carefully reviewed the record and the applicable law, this Court concludes the rejection of Petitioner's ineffective assistance of counsel claim by the Arkansas Supreme Court did not involve an unreasonable application of the *Strickland* test, and was not based on an unreasonable determination of the facts in light of the evidence as set forth in 28 U.S.C. § 2254(d). Therefore, Petitioner's allegations are without merit and should be dismissed. This Court finds that Petitioner has not met his burden in proving that his counsel was ineffective, and as such, his Petition should be DISMISSED.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. Pennington's § 2254 Petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED; and

2. A certificate of appealability should be DENIED.

DATED this 3rd day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE