**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

BRUCE WADE PENNINGTON, ADC# 144231                    PETITIONER

v.                              No. 1:13CV00066 JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                    RESPONDENT

**OPINION AND ORDER**

Bruce Wade Pennington has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The United States Magistrate Judge to whom this case was referred has issued Proposed Findings and Recommended Disposition in which he recommends that the petition be denied.  Upon *de novo* review, the Court agrees that the petition is without merit and must be denied.

Pennington was charged with capital murder in the Circuit Court of Poinsett County, Arkansas.  On March 23, 2009, he entered a guilty plea to a charge of first degree murder.  Pursuant to his plea agreement, Pennington was sentenced to a term of 420 months in the Arkansas Department of Correction.  Three months later, he filed a pro se petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, alleging that his lawyer was ineffective for failing to investigate, develop a trial strategy, to file any pretrial motions concerning his right to psychiatric evaluation and assistance, or to consult with a psychiatric expert.  He also alleged that his lawyer failed to consult or inform him of possible affirmative defenses and that his lawyer's ignorance of the sentencing guidelines resulted in a gross increase in his time of incarceration.  Pennington admitted in the Rule 37 petition that he shot and killed the victim whose murder he pled guilty to, but he argued that he may have had a defense based on his mental state or that his mental state might have mitigated the punishment.  Specifically, Pennington alleges that he had killed the victim under stress due to the fact that the victim was a homosexual and threatened to implicate him

Case 1:13-cv-00066-JLH   Document 9   Filed 05/14/14   Page 2 of 3

falsely as a sexual partner.  Pennington also contended that his lawyer represented to him that he would be eligible for parole after serving twenty-five percent of his sentence, whereas in fact he is subject to a requirement that he serve seventy percent of his sentence.

The circuit court dismissed the Rule 37 petition without holding an evidentiary hearing.

On appeal, after setting out the standards under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Arkansas Supreme Court explained:

> Appellant's petition failed to allege any facts to support a demonstration of prejudice concerning his claims.  Not only did appellant fail to demonstrate that further investigation or development of the case, if undertaken by counsel, might have been fruitful, but he did not plead any facts to demonstrate that counsel's alleged inaction, or counsel's alleged mistakes concerning the potential for parole, would have an impact on the ultimate decision to accept a plea rather than go to trial. Appellant's petition failed to contain facts to substantiate his claims of prejudice and was therefore without merit.

*Pennington v. State*, 2013 Ark. 39, at *3-4, 2013 WL 485660, at **1 (Ark. February 7, 2013).

After reciting the procedural history of the case, Pennington's section 2254 petition contains one sentence alleging his ground for relief in this Court:

> Petitioner submits that his guilty plea was not valid due to his trial counsel's ineffective assistance, and that he is being illegally held in custody pursuant to the resulting judgment and commitment, in violation of his rights to counsel, protected by both the Fifth and Sixth Amendments to the Constitution of the United States.

*See* Document #1 at 3. Rule 2(c) of the Rules Governing Section 2254 Cases provides that a petition must specify all of the grounds for relief available to the petitioner and state the facts supporting each ground. "Habeas corpus petitions must meet heightened pleading requirements." *United States v. Lee*, No. 4:97-CR-243-02 GTE, 2010 WL 5347174, at *3 (E.D. Ark. December 22, 2010) (quoting *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572, 129 L. Ed. 2d 666 (1994)). Pennington's section 2254 petition does not satisfy these heightened pleading requirements; it does not state the facts supporting his ground for relief as required by Rule 2(c) of the Rules Governing

Section 2254 Cases. "A district court does not err by dismissing a claim based solely on 'vague, conclusory, or palpably incredible' allegations of unsupported generalizations without holding an evidentiary hearing." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1986) (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S. Ct. 510, 514, 7 L. Ed. 2d 473 (1962)).

Section 2254 provides that an application for writ of habeas corpus filed on behalf of a person in custody pursuant to a judgment of a state court cannot be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication:

>       (1) resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Pennington does not allege any basis for concluding that the decision of the Arkansas Supreme Court was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or an unreasonable application of such law; nor does he allege any basis for concluding that the decision was not based upon an unreasonable determination of the facts. Indeed, he does not even allege those conclusions.

For these reasons, Bruce Wade Pennington's petition for writ of habeas corpus is dismissed with prejudice. Because Pennington has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability will issue.

IT IS SO ORDERED this 14th day of May, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE